DA 09-0119

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 371N

GARY and BARBARA SCHUMACHER,

Plaintiffs and Appellants,

v.

DAVID GALLIK and STUART LEWIN,

Defendants and Appellees.

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 07-379
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

For Appellees:

Dennis Tighe, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls,
Montana

Submitted on Briefs: October 8, 2009

Decided: November 3, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary and Barbara Schumacher (Schumachers) appeal the order of the Cascade County District Court, Eighth Judicial District, dismissing their claims as time barred, barred by the doctrine of judicial estoppel, and granting summary judgment to David Gallik and Stuart Lewin. We affirm.

¶3 Lewin and Gallik represented the Schumachers in a federal qui tam action against a third party under the False Claims Act, 31 U.S.C. § 3730. Schumachers entered into a series of contingency fee agreements with Lewin and Gallik. The parties signed the final agreement in August 2001.

¶4 The U.S. Government eventually settled the federal qui tam action against the third party thereby entitling Schumachers to a portion of the $4.25 million settlement. Lewin and Gallik received one-half of Schumachers' $829,500 settlement share pursuant to their contingency fee agreement. The U.S. Government separately paid attorney's fees and costs to Gallik and Lewin in the amount of $315,000 pursuant to 31 U.S.C. § 3130(d)(2). The federal court approved the settlement in May 2004. Schumachers waited until March 22, 2007, to bring this action.

2

¶5     The District Court first concluded that no law or public policy precluded the inclusion of a statutory fee and contingency fee provision in the fee agreement between the Schumachers and Gallik and Lewin. The District Court further determined that the three-year statute of limitations contained at § 27-2-204, MCA, for tort claims barred Schumachers' malpractice claims. The court reasoned that the cause of action had arisen in August 2001 when the Schumachers entered into the final contingency agreement. The District Court also determined that collateral estoppel barred the Schumachers from claiming that Gallik and Lewin had misrepresented their fees, expenses, and costs in their application for statutory fees related to the 2004 settlement. The court finally determined that the two-year statute of limitations barred the Schumachers' claim that Gallik and Lewin had engaged in deceit for failing to disclose fully their fee agreement. Schumachers appeal.

¶6     We review de novo a district court's grant of summary judgment based on the same criteria used by the district court. *Cobb v. Saltiel*, 2009 MT 171, ¶ 21, 350 Mont. 501, 210 P.3d 138. The moving party must establish the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Cobb*, ¶ 21. The opposing party must raise a genuine issue of material fact to defeat the motion. The opposing party must present material evidence beyond mere conclusory or speculative statements. *Cobb*, ¶ 21. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly determined that

3

the absence of any genuine issues of material fact entitled Gallik and Lewin to summary judgment.

¶7    We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE

4